# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Masceline Petitlubin | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF** |
| Asset Recovery Solutions, LLC | |
| Defendant. | |
| | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1.  Plaintiff, Masceline Petitlubin, ("Masceline"), is a natural person who resided in Fayetteville, North Carolina, at all times relevant to this action.

2.  Defendant, Asset Recovery Solutions, LLC, ("ARS"), is an Illinois Limited Liability Company that maintained its principal place of business in Des Plaines, Illinois, at all times relevant to this action.

## JURISDICTION AND VENUE

3.  Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4.  Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

**STATEMENT OF FACTS**

5.  ARS uses a predictive dialer system.

6.  Before ARS began contacting Masceline, it and Masceline had no prior business relationship and Masceline had never provided express consent to ARS to be contacted on her cellular telephone.

7.  ARS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8.  The principal source of ARS's revenue is debt collection.

9.  ARS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, ARS contacted Masceline to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Masceline is a "consumer" as defined by 15 U.S.C. §1692a(3).

13.  On several occasions, the dates of which will be discovered through discovery, ARS willingly and knowingly used an automatic telephone dialing system to call Masceline on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. On or around February 7, 2014, Masceline contacted ARS regarding the debt.

15. During this communication, Masceline spoke with an ARS representative, ("Ray").

16. On or around February 10, 2014, Masceline contacted ARS and spoke with Ray. Masceline agreed to a payment plan. In addition, Ray notified Masceline that Ray would send a confirmation letter to Masceline in 3-5 days.

17. On or around February 20, 2014, Masceline contacted ARS because Masceline had not received a confirmation letter from Ray.

18. Ray confirmed Masceline's address and instructed Masceline not to make any payment until Masceline received the confirmation letter.

19. In early March 2014, Masceline contacted ARS again because Masceline had not received the confirmation letter from ARS.

20. On or around March 11, 2014, ARS contacted Masceline on Masceline's cellular phone in connection with the collection of the debt.

21. During this communication, Masceline advised ARS of Masceline's prior communications with Ray and the payment arrangement agreed upon previously. In addition Masceline informed ARS that Ray instructed Masceline not make any payment until Masceline received the confirmation letter.

22. During this communication, ARS claimed there was no record of any payment agreement and ARS demanded a large payment. In fact ARS told Masceline if Masceline could not make the payment, Masceline needed to borrow the money from friends and /or family members.

23. During this communication, Masceline questioned why ARS claimed there was no prior payment arrangement and asked to speak with Ray.

24. During this communication, ARS refused to allow Masceline to speak to Ray.

25. On or around March 13, 2014, Masceline contacted ARS and asked to speak with Ray.

26. ARS refused to allow Masceline to speak with Ray and transferred Masceline to a supervisor, ("Supervisor").

27. During this communication, Supervisor informed Masceline that Masceline's account was lost because Ray had been unable to contact Masceline.

28. In response to Supervisor's statement, Masceline advised Supervisor that Masceline had spoken with Ray on numerous occasions and in fact, Ray confirmed Masceline's address.

29. Supervisor then admitted Ray had agreed to a payment arrangement that was too low and Supervisor demanded Masceline pay more than three times the amount originally agreed upon by Ray.

30. Masceline advised Supervisor that Masceline still had not received a confirmation letter.

31. Supervisor informed Masceline a letter had been sent to Masceline and Supervisor refused to send another letter.

32. During this communication, Masceline requested ARS cease further calls to Masceline.

33. Despite this request, ARS contacted Masceline on Masceline's cellular phone in connection with the collection of the debt on at least one occasion.

34. Masceline has not received any written communication from ARS.

35. ARS's dishonesty and harassment frustrated Masceline.

36. ARS caused Masceline emotional distress.

37. ARS attempted to collect a debt from Masceline.

38. ARS violated the FDCPA and TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

43. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

44. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

46. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

47. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

48. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the required notice within five days of Defendant's initial communication with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

49. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

50. Defendant violated 15 U.S.C. §1692g by continuing its efforts to collect the debt without first

    validating the debt pursuant to Plaintiff's written request.

## COUNT SEVEN

### Violations of the Telephone Consumer Protection Act

51. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

52. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and

    separate occasions by each time calling Plaintiff's cellular telephone using both an automatic

    telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

53. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

54. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and

        reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  An order enjoining Defendant from placing further telephone calls to Plaintiff's

        cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c.  Judgment against Defendant for statutory damages pursuant to 47 U.S.C. §

        227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By:____/s/ Jeffrey S. Hyslip_____
One of Plaintiff's Attorneys


Date: July 17, 2014

Jeffrey S. Hyslip, Esq.
917 W. 18th St., Suite 200
Chicago, IL  60608
312-380-6110
jeffrey@lifetimedebtsolutions.com